## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANICE F. MCMULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-07-1213-HE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Janice F. McMullen instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income benefits.  Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Doyle W. Argo, who recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.  The magistrate judge found that because the administrative law judge failed to include all of the plaintiff's impairments in his hypothetical question to the vocational expert, the Secretary's decision is not supported by substantial evidence.

The parties, having failed to object to the Report and Recommendation, waived their right to appellate review of the factual and legal issues it addressed.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996).  *See* 28 U.S.C. § 636(b)(1)(C); LCvR72.1.  Accordingly, the court adopts Magistrate Judge Argo's Report and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of

which is attached to this order.

**IT IS SO ORDERED**.

Dated this 12th day of August, 2008.

JOE HEATON
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANICE F. MCMULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1213-HE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the final decision of the Commissioner of the Social Security Administration (Commissioner)

denying her applications for disability insurance benefits and supplemental security income

benefits. Pursuant to an order entered by United States District Judge Joe Heaton, the matter

has been referred to the undersigned Magistrate Judge for initial proceedings consistent with

28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative

record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus

the matter is at issue. For the reasons stated herein, it is recommended that the decision of

the Commissioner be reversed and the matter be remanded for further administrative

proceedings.

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for disability insurance and supplemental security

income benefits on September 5, 2003, with a protective filing date of July 25, 2003, alleging

that she became disabled as of May 31, 1997, due to hand and finger stiffness and pain, fibromyalgia, diabetes, arthritis, anxiety, amputation of the right great toe and part of another toe on the right foot, and not very good vision. Tr. 77, 78-80, 93, 476-78. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 53, 54, 55-57, 60-62, 479, 480-82, 483, 484-85. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on November 9, 2005. Tr. 63-64, 515-35. Plaintiff appeared in person and with her attorney, and she offered testimony in support of her applications. Tr.517, 517-33. A vocational expert also testified at the request of the administrative law judge. Tr.72, 532-34. The administrative law judge issued his decision on January 30, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to benefits. Tr. 31-33, 34-49.

Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which by order dated September 15, 2006, denied her request for review. Tr. 25-28. The Appeals Council later received additional evidence, and so considered whether to reopen the decision; however, on October 5, 2007, it found no reason to reopen or change the decision. Tr. 6-7. Thus, the decision of the administrative law judge is the final decision of the Commissioner. Tr. 6-7.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

We review the agency's decision to determine whether the factual findings are

supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

## III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 35-36. He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 36, 47. At steps two and three, the administrative law judge found that Plaintiff suffered from diabetes, fibromyalgia, arthritis, and amputation of

3

the right great toe and part of the right foot, and found that these disorders were severe, but he also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 43-44, 48. The administrative law judge next found that Plaintiff had the residual functional capacity for a significant range of sedentary work. Tr. 46, 48. Based on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was not able to perform her past relevant work as a laundry worker and tester table worker. Tr. 46, 48. At step five, using the Medical-Vocational Guidelines as a framework and the testimony of the vocational expert, he further found that considering Plaintiff's age, education, work experience, and residual functional capacity assessment she could perform work as a surveillance system monitor and assembler, and that these jobs exist in significant numbers in the national economy. Tr. 47-48. Accordingly, the administrative law judge found that Plaintiff was not disabled or entitled to benefits. Tr. 47-49.

## IV. DISCUSSION

Plaintiff raises four issues on appeal. First, she claims that the administrative law judge did not present a proper hypothetical question to the vocational expert because it did not include any of her limitations or combination of limitations. Plaintiff's Opening Brief, p. 5. Second, she contends that there are variances between the testimony of the vocational expert and the Dictionary of Occupational Titles with regard to the jobs identified. Id. at 8. Third, Plaintiff claims that the administrative law judge did not give the opinions of her

4

treating physicians controlling weight or deference as required. Id. at 12. Fourth, she contends that the administrative law judge erred in evaluating her pain and her credibility. Id. at 19.

## A. HYPOTHETICAL POSED TO THE VOCATIONAL EXPERT

First, Plaintiff contends that the administrative law judge asked the vocational expert an improper hypothetical, one that did not contain all of her determinable medical impairments and limitations. Plaintiff's Opening Brief, p. 7. She claims that the only hypothetical asked of the vocational expert by the administrative law judge was "Give me a couple of unskilled, sedentary jobs other than the one that she did." Id. at 6 (quoting Tr. 533). She argues that the testimony of the vocational expert cannot constitute substantial evidence supporting the administrative law judge's decision because the hypothetical did not relate all of her impairments with precision. Id. at 7. She claims that the medical records document her depression, chronic fibromyalgia pain, and peripheral neuropathy pain due to her diabetes, and that these interfere with her daily activities. Id.

The Commissioner responds that the vocational expert was asked a "supported hypothetical question" in that the evidence supported Plaintiff's ability to perform sedentary, unskilled work. Commissioner's Brief, p. 3. He continues that the administrative law judge is only required to present the vocational expert with those limitations he finds established by the evidence. Id.

It is well-established that an administrative law judge's hypothetical question to a vocational expert "must include all (and only) those impairments borne out by the

5

evidentiary record." Evans v. Chater, 55 F. 3d 530, 532 (10th Cir.1995). Hypothetical questions should be crafted carefully to reflect a claimant's residual functional capacity, because "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991).

The undersigned agrees with Plaintiff that the administrative law judge's questioning of the vocational expert was flawed, resulting in a step five determination that is not supported by substantial evidence. The administrative law judge here found Plaintiff to have the residual functional capacity for sedentary work, which he then described using the exact definition of sedentary work which is contained in the regulations. Compare Tr. 45-46 with 20 C.F.R. §§ 404.1567(a); 416.967(a). However, later in the decision he states that the Medical-Vocational Guidelines could not be used to direct a finding of not disabled because "claimant's ability to perform all or substantially all of the requirements of sedentary work is impeded by additional exertional and/or non-exertional limitations." Tr. 46. He later described Plaintiff's residual functional capacity as one for a "significant range of sedentary work." Tr. 48 (citing 20 C.F.R. §§ 404.1567 and 416.967) He never explains, however, what other exertional and non-exertional limitations impeded her ability to do sedentary work or how they affected the normal requirements of sedentary work. Although the administrative law judge states in the decision that the vocational expert testified that Plaintiff could not perform any of her past work, there is no such testimony in the record. Compare Tr. 46 with 532-34. His finding that she could not return to her past relevant work as a tester table

6

worker is also curious in light of the fact that it is classified as sedentary, unskilled work. Tr. 46. In fact, the "hypothetical" asked by the administrative law judge of the vocational expert was "Give me a couple of unskilled, sedentary jobs other than the one that she did." Tr. 533. The vocational expert then identified two unskilled, sedentary jobs and testified that there was no variance between her testimony and the Dictionary of Occupational Titles. Tr. 533-34. Thus from the decision the following findings appear: (1) Plaintiff has exertional and non-exertional limitations that impede her ability to meet all of the requirements for sedentary work; (2) Plaintiff has the capacity to perform a "significant" range of sedentary work; and (3) Plaintiff cannot perform one of her past jobs, although it is of the same exertional and skill level (sedentary and unskilled) as the two alternative jobs which were identified by the vocational expert. Tr. 46-47.

Also, in the process of determining that Plaintiff's depression was not severe, the administrative law judge referred to the following medical consultant's findings in the four functional categories used to evaluate the severity of mental impairments: mild restrictions in daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, and pace. Tr. 44. The administrative law judge does not explicitly state that he is adopting this finding, but makes no separate rating himself and uses it as a springboard for his determination that Plaintiff had no significant limitations in her ability to perform the following work-related activities: understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, co-workers, and usual work settings; or deal with changes in a routine work setting. Tr. 44.

7

However, despite the administrative law judge's apparent finding regarding Plaintiff's mild and moderate mental restrictions, no limitations related to any mental restrictions or difficulties were included in the question to the vocational expert. Tr. 533.

The United States Court of Appeals for the Tenth Circuit considered this issue in Wiederholt v. Barnhart, No. 03-3251, 121 Fed. Appx. 833 (10th Cir. Feb 8, 2005).[1]  In Wiederholt, the administrative law judge assessed the claimant's mental residual functional capacity as being "limited to simple, unskilled job tasks." Id. at 839.  The administrative law judge further found that she had "mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, [and] moderate difficulties in maintaining concentration, persistence, or pace." Id.  The hypothetical question to the vocational expert posed by the administrative law judge included only the limitation of "simple, unskilled" tasks mentally.  The vocational expert responded that, with that residual functional capacity, Mrs. Wiederholt could do unskilled light or sedentary work. Id.  The administrative law judge adopted this as his finding. Id.

The Tenth Circuit concluded that the administrative law judge's hypothetical question was insufficient because it did not reflect all of Mrs. Wiederholt's limitations with accuracy. "The relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately incorporate the [administrative law judge's] additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the [administrative law judge]

---

[1]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed." Id.

In this case, the administrative law judge's question was not even as specific as that in Wiederholt, omitting any mention of mental limitations. As noted, it is not entirely clear whether the administrative law judge adopted the finding of the medical consultant and found that Plaintiff has moderate difficulties in maintaining concentration, persistence or pace. However, this limitation was not reflected in either the residual functional capacity or the question posed to the vocational expert. Accordingly, the record is silent as to what effect such a limitation would have on Plaintiff's ability to perform the jobs identified by the vocational expert.

In sum, the administrative law judge's hypothetical to the vocational expert, which asked her to identify sedentary, unskilled jobs, resulted in the identification of two jobs with the very same exertional and skill level as some of Plaintiff's past work – past work which the administrative law judge found Plaintiff could not perform. Moreover, although the administrative law judge found that there are additional "limitations" that impede Plaintiff's ability to perform the full range of sedentary work, he never identified these limitations or asked the vocational expert to opine as the effect of those limitations on the unskilled, sedentary jobs she identified. Finally, although the administrative law judge apparently found moderate difficulties in maintaining concentration, persistence, or pace, as well as mild difficulties in activities of daily living and social functioning, he failed to include them in the

9

his hypothetical to the vocational expert. The undersigned therefore recommends that this matter be remanded to permit the Commissioner to obtain vocational testimony that considers all of the administrative law judge's findings regarding Plaintiff's limitations.

Because Plaintiff's arguments concerning the administrative law judge's failure to pose a proper hypothetical to the vocational expert is an error necessitating remand, the undersigned will not consider Plaintiff's other arguments as a discussion of them might affect the administrative law judge's treatment of this case on remand. See Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the administrative law judge misapplied legal standards in reaching his decision, resulting in a step five determination that is not supported by substantial evidence. Accordingly, it is recommended that the final decision of the Commissioner of Social Security Administration be reversed and that the matter be remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 31, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 11th day of July, 2008.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE